## TRI-STATE ASS'N OF CREDIT MEN v. HINSON.

No. 7461.

Supreme Court of Texas.

Jan. 22, 1941.

For former opinion, see 144 S.W.2d 881, reversing 117 S.W.2d 158.

David J. Smith, of El Paso, for plaintiff in error.

Mae M. Ament, of Alpine, for defendant in error.

GERMAN, Commissioner.

Plaintiff in error insists in motion for rehearing that this cause be reversed and judgment rendered in its favor. This contention is based primarily upon a statement which was inadvertently made in the original opinion. This statement is as follows: "Nothing was pleaded by defendant which would avoid the binding effect of the note of May 19, 1932. It follows, therefore, that judgment should be rendered in favor of plaintiff on same." The statement should have been as follows: "Nothing was pleaded by defendant which would avoid the binding effect of the note of May 19, 1932. It follows, therefore, that judgment should have been rendered in favor of plaintiff on same."

In other words, we intended to state that in the trial court, in light of the pleadings, the court should have rendered judgment in favor of plaintiff.

The case was tried upon the theory that limitation had been pleaded. It is evident that defendant in error intended to plead limitation, but failed to properly do so. Justice requires that the cause be remanded, and the motion is therefore overruled.

Opinion adopted by the Supreme Court.

For former opinion, see 125 S.W.2d 263.